LOUISE F. CLARK, Admx., *vs.* WILLIAM C. HOLWAY.

Washington.   Opinion April 14, 1906.

*Promissory Notes.   Failure of Consideration.   Same may be Shown Under General Issue.   Presiding Justice May Order Judgment for Defendant,   When.*

In this action of assumpsit upon a promissory note, the defendant filed a brief statement under his plea of the general issue, in which he set out facts, with reasonable certainty, which, if true, showed an utter failure of consideration for the note sued, but which concluded as follows, " So that the defendant claims that there was due him from the plaintiff's intestate at the time of the bringing of the plaintiff's action, and is still due him, the sum of $807.69 which the defendant presents in set off to the claims of the plaintiff."   The presiding Justice, by whom the case was heard without the intervention of a jury, ruled that the plaintiff could not recover by reason of this failure of consideration, and ordered judgment for the defendant.

*Held :* that it was not an error for the presiding Justice to order judgment for the defendant upon the ground of a failure of consideration, when the facts set up in the defendant's brief statement, and proved or admitted showed that there was such a failure, whatever the defense may have been called by counsel in the brief statement.

It was not necessary for the defendant to have filed any brief statement in this case, since in an action of assumpsit, or of special assumpsit upon a promissory note, the want or failure of consideration may be taken advantage of under the general issue.   Failure of consideration is not a special matter of defense nor a matter of confession and avoidance, which, before our statute had to be specially pleaded, or, since the statute set up in a brief statement of special matter of defense.

On exceptions by plaintiff.   Overruled.

Assumpsit on a promissory note given by the defendant to the firm of Clark, Gardner & Pattangall, and reading as follows:

"$400.00                    Machias, Me., Aug. 19, 1899.

"Six months after date, I promise to pay to the order of Clark, Gardner & Pattangall four hundred dollars at any Bank in Machias, value received.

WM. C. HOLWAY."

The facts relating to this note and the proceedings in connection with the same, as shown by the bill of exceptions, are as follows:

"The note is one of three notes of similar tenor, of same date, and for like amount, given by defendant to the payees in partial payment of logs and lumber purchased by him of them, the aggregate amount of the transaction being $6700.00. The three notes were, on the day of their date, distributed among the individual partners, each taking one of the notes as his individual property. The two notes transferred to Gardiner and Pattangall were paid at maturity, but Clark held his until his death and this is the note now in suit.

"The actual quantity of the logs and lumber being undetermined at the time of the sale, an estimate was made by the parties and payment made based on said estimate, the vendor firm giving defendant a written guaranty that the quantity would hold out to the estimate so made, and agreeing to repay him for any deficit that might be found therein.

"The writ is dated Sept. 20, A. D. 1901, and the action was entered at the ensuing October term of this court for Washington County; at the January 1902 term, William M. Nash was appointed auditor, and upon motion of plaintiff's counsel, defendant was ordered to file his plea and specifications of defense by March 8, A. D. 1902. At said term, defendant filed a stipulation that he would not claim to recover of plaintiff under the aforesaid guaranty as set out in his specifications, more than one-third of the amount of any deficit that might be found in aforesaid estimate. The order of court was substantially complied with by defendant filing plea of the general issue and specifications of defense on March 18, A. D. 1902. The case was thence continued from term to term until October 1905 term, when the auditor's report was filed. The auditor found that defendant was indebted to plaintiff for the full amount of the note and

interest, the amount being $449.93, but found that the quantity of the logs and lumber purchased of the firm by defendant fell short of the estimate, the shortage amounting in value to $2039.40.

" At said October 1905 term, hearing was had by the presiding Justice without the intervention of a jury, and the court ruled that plaintiff could not recover because of failure of consideration of the note in suit, and found for defendant on that ground. The question of failure of consideration was not raised by the defense, or suggested in any way in the trial of the case. To the ruling of the presiding Justice, the plaintiff seasonably excepted."

The brief statement filed by the defendant was as follows: "And for brief statement defendant further says that the plaintiff's action is based upon a promissory note given by the defendant to the plaintiff's intestate, as part payment for certain personal property which the plaintiff's intestate sold to the defendant on August 18, 1899; that said property consisted in part of certain lots of logs which were estimated in said sale as follows: hemlock logs estimated in amount at 75 M feet, valued at six dollars per M feet; spruce logs estimated in amount at 227 M feet, valued at eight dollars per M feet; pine logs estimated in amount at 200 M feet, valued at 7.50 per M feet, making a total value of logs thus sold of $3766.00: That plaintiff's intestate guaranteed that said estimates were correct, and by an indenture entered into by him, on the said 18th day of August A. D. 1899, agreed to pay to the defendant an amount sufficient to satisfy him for one-third of any deficiency that might exist if the logs thus sold failed to equal in amount the aforesaid estimate: And the defendant further says that instead of receiving from the plaintiff 75 M feet of lumber, he in fact received 36,349 feet of hemlock, and that instead of receiving 227 M feet of spruce, he in fact received 74,146 feet of spruce, and that instead of receiving 200 M feet of pine, he in fact received 68,220 feet of pine, all of which logs thus received at the valuation fixed by the agreement aforesaid were of the total value of $1342.91, leaving a deficiency to be accounted for of $2423.09, for one-third of which the plaintiff's intestate became liable so that the defendant claims that there was due him from the plaintiff's intestate at the time of bringing of the plaintiff's action

and is still due him, the sum of $807.69 which the defendant presents in set off to the claims of the plaintiff."

*C. B. & E. C. Donworth,* for plaintiff.

*William R. Pattangall,* for defendant.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

WISWELL, C. J.   This is an action upon a promissory note.   The defendant filed a plea of the general issue with a brief statement wherein he set out facts, with reasonable certainty, which, if true, showed an utter failure of consideration for the note.   The case had been sent to an auditor who had found and reported the facts set up by the defendant in his brief statement and as to which facts there was no controversy.   The case was heard by the presiding justice, without the intervention of a jury, who ruled that the plaintiff could not recover because of this failure of consideration for the note sued. and found for the defendant on that ground.   The plaintiff took exceptions to this ruling because, " the question of failure of consideration was not raised by the defense, or suggested in any way in the trial of the case."   In support of the exception it is argued that the brief statement does not set up a failure of consideration, but another defense, since it concludes as follows, "so that the defendant claims that there was due him from the plaintiff's intestate at the time of the bringing of the plaintiff's action and is still due him, the sum of $807.69 which the defendant presents in set-off to the claims of the plaintiff."

But it was not necessary in this case for the defendant to file a brief statement, since in an action of assumpsit the want or failure of the consideration for a contract may be taken advantage of under the general issue.   Failure of consideration is not a special matter of defense, nor a matter of confession and avoidance, which, before our statute had to be specially pleaded, or, since the statute, set up in a brief statement of special matter of defense.   The general denial of the plea of non assumpsit in actions of assumpsit not only denies the promise but as well the existence of a consideration for

the promise. That there was a consideration is a necessary allegaation of a plaintiff's declaration in an action of assumpsit, and the burden of proving a consideration is upon the plaintiff, although in actions upon promissory notes a plaintiff may rely upon the presumption of a consideration, until evidence to the contrary has been introduced, when, upon the whole evidence, the burden of proof in this respect is upon him.

This is in accordance with authorities as well as with reason. In Chitty on Pleadings, 16th Am. Ed. 489, it is said : "In assumpsit, before the pleading rules, Hil. T. 4 W. 4, almost every matter might be given in evidence under the general issue non assumpsit, on the ground, as was said, that as the action is founded on the contract, and the injury is the non-performance of it, evidence which disaffirms the continuing obligation of the contract at the time when the action was commenced, goes to the gist of the action." And again, on page 493, it is said, "in modern times, and until the pleading rules above referred to came into operation, the plea of non-assumpsit was considered not only as putting in issue every allegation in the declaration, as well the promise as the inducement, consideration, and all averments in fact, but also as enabling the defendant to give in evidence every description of defense which showed that the promise was void or voidable, or that it had been performed." See also *Dixie* v. *Abbott,* 7 Cush. 640.

By the pleading rules adopted at Hilary Term 4 Wm. 4, this practice was somewhat modified so that all matters in confession and avoidance, including not only those by way of discharge, but those which show the transaction to be void or voidable in point of law, on the ground of fraud or otherwise, had to be specially pleaded. Examples given under this rule were infancy, coverture, release, payment, performance, illegality of consideration and various other defenses. But while illegality of consideration had to be specially pleaded, these rules were silent as to pleading the want of consideration, except in the case of accommodation bills and notes. In speaking of this question, it is said by Chitty, page 509, that: "The instance given in the above rules, that in an action on a warranty, the plea of non-assumpsit will operate as a denial of the fact of a

warranty upon the alleged consideration, seems to import that non assumpsit puts in issue, even in a special contract, as well the consideration as the promise." · That this was the construction of the rule by the English court is shown by the case of *Broomfield* v. *Smith*, 1 Mees. & Welsb. 542.

But even if it were otherwise, and if the defense of a failure of consideration was one which formerly had to be specially pleaded, or, under our statute, set up in a brief statement of special matter of defense, we think that the defendant's brief statement in this case was sufficient for that purpose. The great object of the statute which provided for filing a brief statement of special matters of defense where a special plea was before required, was to do away with the technicalities and the strictness formerly required in special pleas in bar. To be sure the facts relied upon and necessary for the defense must be set out with certainty to a common intent, *Washburn* v. *Mosely*, 22 Maine, 160, by which is meant that the facts which constitute the cause of action or the ground of defense, must be so clearly and distinctly stated, "that they may be understood by the party who is to answer them, by the jury who are to ascertain the truth of the allegations, and by the court who are to give judgment." The facts set up and relied upon in this brief statement were stated with sufficient certainty to satisfy all of these requirements, and the conclusion of the brief statement, wherein it was stated that the sum due the defendant was presented in setoff to the claim of the plaintiff does not, in our opinion, deprive the brief statement of its value as a statement of facts relied upon in defense to the action. It is evident we think that it was not the intention of the defendant or his counsel to file this claim as a statutory setoff to the note sued, since it was not filed within the time allowed by the statute for filing claims in setoff, it was rather the intention of the pleader to set out and to show that he relied upon these facts as a defense to the plaintiff's cause of action. The statement of facts showed that the defendant was not relying upon an independent claim or cause of action as a setoff to the note in suit, but that he did rely upon the facts connected with the transaction of the giving of the note as a defense thereto, because on account of these facts the note itself was

void. The brief statement was amply sufficient to give the plaintiff notice of the nature of the defense, as well as of the facts relied upon as constituting that defense, whatever the defense may have been called therein.

The plaintiff's objection that it was error for the presiding justice to order judgment for the defendant upon the ground of a failure of consideration, when the facts set up and relied upon showed that there was such a failure, because this defense, by that name, was not set up by counsel for defendant, is not tenable. If the facts stated and admitted, or found by the presiding justice, constituted an entire failure of consideration, it was his duty to order judgment for the defendant upon that ground, however the defense may have been denominated by counsel in a brief statement or elsewhere.

*Exceptions overruled.*